UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| AUTOTEL,<br><br>                    Plaintiff,<br><br>         v.<br><br>BUREAU OF LAND MANAGEMENT,<br><br>                    Defendant. | Case No. 2:12-cv-00164-RFB-VCF<br><br>**ORDER RECONSIDERING MOTION TO SUPPLEMENT ADMINISTRATIVE RECORD** |

I. **BACKGROUND**

This matter is before the Court on Plaintiff Autotel's Motion to Supplement the Administrative Record, originally submitted on January 2, 2013. ECF No. 17. On October 7, 2013, the Court denied Autotel's motion, holding that Autotel had failed to satisfy its burden of demonstrating that the administrative record (AR) should be supplemented. ECF No. 20. For the reasons discussed below, the Court finds it appropriate to reconsider Autotel's motion and grants the motion in part.

II. **LEGAL STANDARD**

"As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 885 (9th Cir. 2001) (citation omitted) (internal quotation marks omitted); see also U.S. v. Smith, 389 F.3d 944, 948-50 (9th Cir. 2004). This power is rooted in the common law, not the Federal Rules of Civil Procedure. Santa Monica Baykeeper, 254 F.3d at 886.

In its Order denying Autotel's Motion to Supplement the AR, the Court determined that Autotel had not shown that any of the four circumstances identified in this Circuit as warranting

1  supplementation were applicable. Expansion of the administrative record is allowed "in four
2  narrowly construed circumstances: (1) supplementation is necessary to determine if the agency has
3  considered all factors and explained its decision; (2) the agency relied on documents not in the
4  record; (3) supplementation is needed to explain technical terms or complex subjects; or (5)
5  plaintiffs have shown bad faith on the part of the agency." <u>Fence Creek Cattle Co. v. U.S. Forest
6  Serv.</u>, 602 F.3d 1125, 1131 (9th Cir. 2010).

**III.    DISCUSSION**

After reviewing the parties' briefs on this motion and the record in this case, the Court finds that reconsideration of its prior Order of October 7, 2013 is warranted. Specifically, the Court finds under the first <u>Fence Creek</u> exception that in order to determine whether the BLM has considered all of the relevant factors, it is necessary to supplement the AR with the files relating to the applications of other Frenchman Mountain users that Autotel has identified during the time period when the mountain was designated as an Instant Study Area (ISA).

While the relevant factors exception does not permit supplementation of the record to second-guess the wisdom of the agency's action, it does allow a court "to consider extra-record evidence to develop a background against which it can evaluate the integrity of the agency's analysis[.]" <u>San Luis & Delta-Mendota Water Auth. v. Locke</u>, 776 F.3d 971, 993 (9th Cir. 2014). Thus, the relevant factors exception allows the district court to supplement the administrative record only if it would "help the court understand whether the agency complied with the [Administrative Procedure Act]'s requirement that the agency's decision be neither arbitrary nor capricious." <u>Id.</u> In determining whether agency action is arbitrary or capricious, the Court finds instructive the "fundamental norm of administrative procedure [that] requires an agency to treat like cases alike. If the agency makes an exception in one case, then it must either make an exception in a similar case or point to a relevant distinction between the two cases." <u>Westar Energy, Inc. v. Fed. Energy Regulatory Comm'n</u>, 473 F.3d 1239, 1241 (D.C. Cir. 2007) (citing <u>Colo. Interstate Gas Co. v. FERC</u>, 850 F.2d 769, 774 (D.C. Cir. 1988) ("[T]he Commission's dissimilar treatment of evidently identical cases . . . seems the quintessence of arbitrariness and caprice")).

Here, Autotel has identified three other communication facilities built on the Frenchman

2

Mountain site and has stated that BLM granted these applications while Frenchman Mountain was designated as an ISA. Autotel states that BLM authorized the first facility, known as Metro (N-003734), in 1970—before the ISA designation. Mot. Supplement at 1-2, ECF No. 17. However, according to Autotel, Metro "replaced its building with a larger one" around the year 2000. Id. at 2. The second facility, known as Frontier (N-11148), was also authorized prior to the ISA designation, but Autotel states that Frontier constructed a new guyed tower in 2007. Id. at 2-3. Autotel claims that BLM authorized the third facility, known as Crown (N-38460), after Frenchman Mountain became an ISA. Id. at 2. Crown then constructed six new monopole towers next to its facility in the year 2000. Id. at 3.

Based upon this information, the Court finds that the Metro, Frontier, and Crown facilities may be sufficiently similar to Autotel's proposed facility, in terms of their temporariness, the level of surface disturbance caused by their construction, and the equipment required for their removal, for the Court to require that the AR be supplemented with certain of their files. In the first place, supplementation is necessary to determine whether the Metro, Frontier, or Crown facilities *are* in fact similarly situated to Autotel's proposed facility. If any or all of them are similarly situated to the facility in Autotel's application, these materials will then be necessary for the Court to assess whether BLM treated these like situations in a like manner and, thus, whether or not it acted arbitrarily or capriciously.

However, the Court will not supplement the AR with files from these facilities that pertain to the time period prior to Frenchman Mountain's designation as an ISA. It was at this point that BLM was required to manage this site in a manner that would not "impair [its] suitability . . . for preservation as wilderness." 43 U.S.C. § 1782(c). Therefore, prior to the ISA designation, it appears that BLM was not obligated to evaluate applications for facilities on Frenchman Mountain using the same criteria as those adopted after the ISA designation.

Finally, the Court declines to reconsider the portion of its prior Order in which it found no Ninth Circuit requirement that a moving party submit the proposed extra-record evidence as a "precondition" for supplementation. Order at 5, ECF No. 20. To the extent that this discussion is vacated by this Order, the Court reasserts it here and finds that Autotel is not required to submit

3

the proposed supplements in order to have its motion considered.

## IV.     CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the Court's Order Denying Motion to Supplement Administrative Record (ECF No. 20) is VACATED.

**IT IS FURTHER ORDERED** that Plaintiff Autotel's Motion to Supplement Administrative Record is GRANTED IN PART and DENIED IN PART.

**IT IS FURTHER ORDERED** that Defendant Bureau of Land Management shall have until **April 6, 2015** to file a Supplemental Administrative Record with the Court and with Plaintiff. The Supplemental Administrative Record shall contain all documents in Defendant's possession relating to the Metro, Frontier, and Crown communication facilities located at Frenchman Mountain and identified in Plaintiff's motion, from the time Frenchman Mountain was designated an Instant Study Area to the present. The Supplemental Administrative Record files should be uploaded to a compact disc and manually filed with the Clerk's Office.

DATED this 31st day of March, 2015.

_____
RICHARD F. BOULWARE, II
United States District Judge